## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MEDIA BRIDGE, LLC,** | § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. _____** |
| **THINAIRE TRANSMEDIA NETWORK, INC.,** | § § § | |
| **Defendant.** | § § § § § | **Jury Trial Demanded** |

## <u>COMPLAINT</u>

Plaintiff MEDIA BRIDGE, LLC ("Media Bridge" or "Plaintiff") files this Complaint against THINAIRE TRANSMEDIA NETWORK, INC. ("Thinaire" or "Defendant") for infringement of U.S. Patent No. 7,065,559 (the "'559 Patent").

## I.  PARTIES

1.     Plaintiff Media Bridge is a limited liability company existing under the laws of Florida, with its principal place of business at 8230 210th Street South, Boca Raton, Florida 33433.

2.     Defendant Thinaire is a corporation organized and existing under the laws of Delaware, and may be served with process by serving VCorp Services, LLC, 1811 Silverside Road, Wilmington, Delaware 19810.

## II.   JURISDICTION AND VENUE

3.       This is an action for patent infringement which arises under 35 U.S.C. §§ 271, 281, 284 and 285.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

4.       Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).  On information and belief, Defendant is organized and incorporated under the laws of this State, is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving its accused products in this judicial district, and/or has regular and established places of business in this judicial district.

5.       Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process as Defendant is organized and incorporated under the laws of this State. Defendant has also established minimum contacts with the forum state of Delaware. Defendant has and/or does, directly and through intermediaries, ship, distribute, offer for sale, sell, advertise, operate and use its mobile engagement management system in the United States and the State of Delaware.

## III.   FACTUAL BACKGROUND

6.       Mr. David Weiss, the inventor of the '559 Patent, conceived the inventions underlying the '559 Patent in response to his prediction that tangible forms of media would eventually be replaced by computer media available via the internet. Consequently, Mr. Weiss developed a system for and method of bridging the gap between the tangible media of the day with the computer media of the future. This "Media Bridge," as it would come to be known, was

developed to increase the vitality and the value of both tangible and computer media, and ultimately resulted in Mr. Weiss' '559 Patent.

7.      The '559 Patent is generally directed to an apparatus and method for linking tangible media and computer media. The claimed apparatus and method use codes associated with tangible media, i.e. media discernible by the human senses without the need for a computing device, to allow a user to access additional information related to the tangible media object via computer media. A user of the apparatus or method can utilize an internet-connected smartphone to receive a code from a tangible media object, wherein the code is transmitted over the internet in order to return specified computer media to the user's smartphone.

## IV.  PATENT INFRINGEMENT

## COUNT I — INFRINGEMENT OF U.S. PATENT 7,065,559

8.      Plaintiff is the assignee of the '559 Patent, entitled "MEDIA BRIDGE METHOD AND APPARATUS," and holds all substantial rights in the same.  Among other rights, Plaintiff maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement. A true and correct copy of the '559 Patent is attached as Exhibit A.

9.      Defendant has directly infringed and continues to infringe one or more claims of the '559 Patent in this judicial district and elsewhere in the United States by, among other things, making, having made, using, offering for sale, and/or selling the claimed apparatus and methods for providing a bridge between tangible media and computer media.  At a minimum, Defendant has been, and is, infringing claims of the '559 Patent, including (for example) at least claims 1 and 42, by making, having made, and/or using its mobile engagement management system.

10.     Defendant has knowledge of the '559 Patent at least as early as the date of service of this Complaint.

11.     Defendant has indirectly infringed the '559 Patent by inducing the infringement of the '559 Patent.  With knowledge of the '559 Patent, Defendant directs and aids its customers in using the infringing method by the provision of its mobile engagement management system, sale of advertising infrastructure and related equipment, and provision of instruction and support to customers with knowledge that the induced acts constitute patent infringement. Defendant possesses specific intent to encourage infringement by its customers.

12.     Plaintiff alleges that each and every element is literally present in the accused apparatus and methods. To the extent not literally present, Plaintiff reserves the right to proceed under the doctrine of equivalents.

13.     Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## V.  JURY DEMAND

14.     Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Media Bridge, LLC prays for judgment and seeks relief against Defendant as follows:

a.      Judgment that one or more claims of U.S. Patent No. 7,065,559 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.      Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c.      That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e.      That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:   February 3, 2015.

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE 19801
Telephone: 302-777-0300
Facsimile: 302-777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Of Counsel:
Andrew G. DiNovo
Jay D. Ellwanger
**DiNovo Price Ellwanger & Hardy LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Telecopier:  (512) 539-2627
adinovo@dpelaw.com
jellwanger@dpelaw.com

**ATTORNEYS FOR PLAINTIFF
MEDIA BRIDGE, LLC**